IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Maria Rodriguez, on behalf of herself and all other similarly situated persons, known and unknown, Plaintiff,

v.

Tio Luis Tacos, Inc., and Jose L. Gonzalez, individually, Defendants.

## COMPLAINT

NOW COMES Maria Rodriguez, on behalf of herself and all other similarly situated persons, known and unknown (collectively, "Plaintiffs"), through counsel, and for her Complaint against Tio Luis Tacos, Inc. and Jose L. Gonzalez, individually, (collectively, "Defendants"), states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff and other similarly situated employees at least the Illinois mandated minimum wage rate. Plaintiff also seeks redress under the Municipal Code of Chicago Minimum Wage Ordinance §1-24 ("Ordinance"), for Defendants' failure to compensate him at least the city of Chicago mandated minimum wage rate. Plaintiff has a further claim for unauthorized deductions pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA").

2. Defendants' unlawful compensation practices have denied Plaintiff and other similarly situated persons their earned and living wages.

3. Plaintiff bring Count I of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's Illinois and Municipal Code of Chicago statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

### Plaintiff

6. Plaintiff resides in, is domiciled in, and was employed by Defendants in Cook County, Illinois, which is in this judicial district.

7. Defendants operate a restaurant called Tio Luis Tacos, located at 3856 South Archer Avenue, Chicago, Illinois.

8. Plaintiff worked at Defendants' Chicago restaurant from 2011 until November 7, 2015.

9. During the course of her employment, Plaintiff was involved in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, the IMWL, 820 ILCS 105/1 *et seq.*, Ordinance §1-24-010; and IWPCA, 820 ILCS 115/1 *et seq.*

### Defendants

10. Defendant Tio Luis Tacos is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant Tio Luis Tacos has had two (2) or more employees involved in interstate commerce.

12. Defendant Tio Luis Tacos was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, the Ordinance §1-24-010.

13. Defendant Jose L. Gonzalez is the President of Tio Luis Tacos and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Jose L. Gonzalez was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, the Ordinance §1-24-010, and the IWPCA, 820 ILCS 115/2.

15. Upon information and belief, Defendant Jose L. Gonzalez resides and is domiciled in this judicial district.

## FACTS

16. Plaintiff worked for Defendants as a waitress at Defendants' restaurant.

17. Plaintiff was compensated weekly by check at the tipped minimum wage rate plus tips.

18. When Plaintiff's weekly wages and tips are combined, her hourly rate was regularly below the Illinois mandated minimum wage rate of $8.25 per hour.

19. Starting on July 1, 2015, when adding her weekly wages and tips, Plaintiff's hourly rate was regularly below the City of Chicago minimum wage rate of $10.00 per hour.

20. For approximately the past two (2) years, Defendants deduct a weekly amount from Plaintiff's pay for "silverware" and "dishes".

21. These weekly deductions were not required by law, were not for Plaintiff's benefit, were not in response to a valid wage deduction order, or made with Plaintiff's express written consent.

22. Defendants denied Plaintiff and other similarly situated employees their earned wages.

## COUNT I: VIOLATION OF THE FLSA
### Minimum Wages

23. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

24. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees, unless those employees are exempt.

25. Plaintiff is not exempt from the minimum wage provisions of the FLSA.

26. Defendants did not pay Plaintiff or the class members at least the minimum wage for the hours that they worked, as described in paragraphs 18-19, *supra*.

27. Defendants' failure to pay the legally mandated minimum wages to Plaintiff and class members violated the FLSA.

28. Defendants failed to comply with the predicate requirements under the FLSA by failing to inform Plaintiff and the class members of their right to receive the minimum wage.

29. Defendants' failure to comply with the terms of the minimum wage disclosure requirements and Defendants' failure to pay minimum wage to Plaintiff and the class members was a willful violation of the FLSA.

30. Defendants violated the FLSA by refusing to compensate Plaintiff and the members of the class consistent with the minimum wages provisions of the FLSA.

31. Plaintiff and other similarly situated employees are entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay at least the federal minimum wage was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. A judgment in the amount of the difference between the Illinois-mandated minimum wage rate and the hourly wage paid to Plaintiff and similarly situated employees of Defendant;

C. Award liquidated damages in an amount equal to unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Minimum Wages

32. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

33. This count arises from Defendants' violation of the IMWL, by failing to pay Plaintiff, the Illinois-mandated minimum wages for all hours worked in individual work weeks, as described in paragraphs 18-19, *supra*.

34. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

35. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

36. Defendant did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

37. Defendant's failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

38. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: VIOLATION OF THE ORDINANCE
### Minimum Wages

39. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

40. This count arises from Defendants' violation of the Ordinance, by failing to pay Plaintiff the City of Chicago-mandated minimum wages for all hours worked in individual work weeks starting on July 1, 2015, as described in paragraphs 18-19, *supra*.

41. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the City of Chicago-mandated minimum wage rate for all time worked starting on July 1, 2015.

42. Plaintiff was entitled to be paid not less than the City of Chicago-mandated minimum wage for all hours worked in individual work weeks starting on July 1, 2015.

43. Defendant did not pay Plaintiff the City of Chicago-mandated minimum wage for all hours worked in individual work weeks starting on July 1, 2015.

44. Defendant's failure to pay Plaintiff the City of Chicago-mandated minimum wage rate for all hours worked in individual work weeks starting on July 1, 2015 was a violation of the Ordinance.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the Ordinance;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110;

C. Declare that Defendants have violated the Ordinance;

D. Enjoin Defendants from violating the Ordinance;

E. Award reasonable attorneys' fees and costs of this action as provided by the Ordinance; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

### COUNT IV: VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
*Unauthorized Deductions*

45. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

46. This count arises from Defendants' violation of the IWPCA by making unauthorized deductions from Plaintiff's pay, as described in paragraphs 20-21, *supra*.

47. The IWPCA, 820 ILCS 115/9, mandates that all deductions by employers from wages are prohibited unless such deductions are: (1) required by law; (2) to the benefit of such employee;

(3) in response to a valid wage assignment or wage deduction order; and (4) made with the express written consent of the employee, given freely at the time the deduction is made.

48. Defendants' deductions from Plaintiff's wages were not required by law, for Plaintiff's benefit, in response to a valid wage deduction order, or made with Plaintiff's express written consent.

49. Defendants made unauthorized weekly deductions from Plaintiff's weekly wages.

50. Defendants' unauthorized deductions violated the IWPCA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment for all unpaid wages and compensation due as provided by the IWPCA;

B. Award prejudgment interest pursuant to 815 ILCS § 205/2;

C. Award damages pursuant to 820 ILCS § 115/14(a);

D. Declare that Defendants violated the IWPCA;

E. Enjoin Defendants from violating the IWPCA;

F. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

s/ Raisa Alicea
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
(312) 800-1017
ralicea@yourclg.com

One of Plaintiff's attorneys